UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HENRY BEAN POSEY, Plaintiff | CIVIL ACTION NO. 1:18-CV-1502-P |
| VERSUS | JUDGE DEE D. DRELL |
| LASALLE CORRECTIONAL CENTER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights Complaint (42 U.S.C. § 1983) of pro se Plaintiff Henry Bean Posey ("Posey") (#97166). Posey is an inmate in the custody of the Louisiana Department of Corrections, housed at the Richwood Correctional Center in Monroe, Louisiana. Posey alleges that inmates at Lasalle Correctional Center stole money from him by using his identification card to make commissary purchases.

Because Defendants are not liable under § 1983 for the loss or theft of Posey's money, Posey's Complaint (Docs. 1, 9) should be DISMISSED.

I.  Background

Posey alleges that he received a deposit of $3,038.36 in his inmate account on August 18, 2015 from the settlement of a lawsuit. (Doc. 9, p. 3). Posey claims that he did not make any commissary purchases, but when he inquired about his balance, Posey learned that there was only $2.41 in the account. (Doc. 9, p. 3). According to Posey, two inmates were caught using Posey's prison identification card to make purchases. (Doc. 9, p. 3). An "Inmate Account Transactions History" form from

Lasalle Correctional Center shows that $3,040.50 was spent between November 9, 2015 and September 22, 2016. (Doc. 9-1, p. 18).

II. Law and Analysis

    A. Posey's complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

Posey is a prisoner proceeding in forma pauperis. (Doc. 12). As a prisoner seeking redress from an officer or employee of a governmental entity, Posey's complaint is subject to preliminary screening pursuant to § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Posey's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

    B. Posey cannot state a constitutional claim for the allegedly stolen funds.

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S.

Const. amend XIV. However, jurisprudence makes it clear that a prisoner's claim for the random deprivation of personal property is not cognizable under § 1983.

When an inmate alleges the negligent or intentional loss of property and the state provides an adequate remedy, an inmate may not bring a claim under § 1983 to recover damages for his loss. See Parratt v. Taylor, 451 U.S. 527, 544 (1981); Hudson v. Palmer, 468 U.S. 517, 543 (1984). Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. Copsey v. Swearingen, 36 F.3d 1336, 1342-43 (5th Cir. 1994); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984) (citing Louisiana Civil Code Article 2315, and observing that "Louisiana law affords an opportunity to redress intentional torts under the same section of the Code by which negligence is remedied"); Fuller v. XTO Energy, Inc., 43,454 (La.App. 2 Cir. 8/13/08), 989 So.2d 298 (recognizing the tort of conversion).

Thus, there is simply no constitutional protection afforded to Posey for the allegedly stolen money. Louisiana law provides Posey the opportunity to seek redress in state court, which is all the process Posey is due. See La. Civ. Code art. 2315.

### III. Conclusion

Because Defendants are not liable under § 1983 for the loss of Posey's money, IT IS RECOMMENDED that Posey's Complaint (Docs. 1, 9) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with

the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___19th___ day of February, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge